FILED

2008 Jul-17  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT T. HARRISON,      ]
      ]
    Plaintiff,      ]
      ]
    vs.      ]      4:07-CV-1043-LSC
      ]
MICHAEL J. ASTRUE,      ]
Commissioner,      ]
Social Security Administration,      ]
      ]
    Defendant.      ]

MEMORANDUM OF OPINION

I.    Introduction.

Robert T. Harrison ("Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Mr. Harrison timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Harrison was forty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education.  Tr. at

28.  His past work experiences include employment in delivery and sales at a hardware and building materials store and as a manager in the plumbing department of a building supply company.  *Id*. at 57, 62, 304, 325.  Mr. Harrison claims that he became disabled on May 31, 2003, due to chronic pain in the lower back, left foot, and leg.  *Id*. at 52, 305-06.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the

analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii),  416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id*.  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id*.  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id*.  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do

other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Harrison meets the nondisability requirements for a period of disability and DIB and is insured through December 31, 2008.  Tr. at 23.  He further determined that Mr. Harrison has not engaged in substantial gainful activity since the alleged onset of his disability.  *Id.*  According to the ALJ, Plaintiff has the following impairments which are considered "severe" based on the requirements set forth in the regulations: post-laminectomy lumbar pain syndrome, radiculitis, and hypertension.  *Id.*  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  *Id.* at 25.  The ALJ did not find Mr. Harrison's allegations to be totally credible, and he determined that Plaintiff "has the residual functional capacity to perform the exertional demands of sedentary work which provides for a sit/stand option, and requires the frequent use of the right hand and which imposes no limitations on the use of the left extremities."  *Id.*

According to the ALJ, Mr. Harrison is unable to perform any of his past relevant work, he is a "younger individual," and he has a "high school

education" as those terms are defined by the regulations.  *Id.* at 28.  The ALJ determined that Plaintiff has "no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case." *Id.*  Even though Plaintiff cannot perform the full range of sedentary work, the ALJ used Medical-Vocation Rule 204.00 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing.  *Id.* at 28-29.  These jobs include employment as a bench worker, automatic machine tenderer, security monitor, and cashier. *Id.*  The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, from May 31, 2003 through the date of this decision."  *Id.*

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court

approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.

1984).

III.   Discussion.

Mr. Harrison alleges that the ALJ's decision should be reversed and remanded for two reasons.  First, Plaintiff believes that the ALJ's rejection of Plaintiff's treating source opinions are not based on substantial evidence. (Doc. 6 at 5-9.)  Second, Plaintiff contends that the ALJ did not properly apply the three-part pain standard.  *Id.* at 9-12.

A.    Rejection of Treating Source Opinions.

Plaintiff contends that the ALJ improperly rejected the opinion of examining physician, Dr. Zaremba.  *Id.* at 5.

A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted).  The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the

opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart,* 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis,* 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."   20 C.F.R. §§ 404.1527(e), 416.927(d).  The Court is interested in the doctors' evaluations

of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity.  *See, e.g.*, 20 C.F.R. § 404.1546(c).

In this case, the ALJ specifically noted Plaintiff's history of back pain and surgeries including a laminectomy, left and right carpal tunnel release procedures, and a series of epidural injections.  Tr. at 23.   The ALJ also specifically considered and rejected the opinion of Dr. Jack L. Zaremba.  *Id.* at 25.  Dr. Zaremba examined Plaintiff at the request of his attorney on November 22, 2005.  *Id.* at 282.  Upon examination, Dr. Zaremba noted that Plaintiff reported chronic pain at the 7/10 level, sleeping only 2-3 hours per night due to pain, difficulties with knee and hip stiffness, and deafness in the left ear without a hearing aid.  *Id.* at 284-89.  Dr. Zaremba opined that Plaintiff could not perform the demands of even sedentary work due to limitations of lifting no more than five pounds, sitting for no more than three hours at a time, and standing/walking for no more than one hour in

an 8-hour work day.  *Id.*  He also claimed that Plaintiff suffered from intractable back pain that was virtually incapacitating and which necessitated couch rest and/or medication.  *Id.*

In rejecting this opinion, the ALJ determined that Dr. Zaremba's findings were inconsistent with Plaintiff's treatment history, which demonstrates that he could perform the exertional demands of sedentary work with additional restrictions.  Tr. at 27.  Instead, the ALJ gave greater weight to the treatment records of Dr. Kenneth Varley, who treated Plaintiff on a monthly basis from 2001 to 2005.  *Id.* at 23.  Dr. Varley's records demonstrate that Plaintiff's condition was stable with only moderate pain at a level of 5-6 out of 10, no medication side-effects, and no symptoms such as numbness, weakness, or tingling during 2003, 2004, and 2005.  *Id.* at 24, 26, 229, 231, 233, 235, 237, 239, 241, 245, 247, 249, 250, 260, 264. Evaluation by Dr. Varley on April 18, 2005, failed to reveal any significant swelling or deformity.  *Id.* at 229.  Straight leg raising tests were negative and power, tone, reflexes, and sensation were within normal limits.  *Id.*  Dr. Varley observed that Plaintiff was disability focused and unmotivated to return to the workforce.  *Id.*  He stated that Plaintiff's impairment did not

appear to translate into disability and that Plaintiff should re-enter the workforce.  *Id*.

In addition, the ALJ also considered the medical records from a consultative examination conducted by Dr. C. B. Thuss, on January 7, 2004, which also demonstrated little evidence of functional limitation.  *Id*. at 27, 195-202.  Dr. Thuss observed that Plaintiff was well-groomed, cooperative, alert, and oriented.  *Id*. at 196.  Hearing was sufficient to meet the needs of everyday speech, and vision was 20/20 with corrective lenses.  *Id*. at 197.  Power in the extremities was 5/5 with full range of motion and 2+ reflexes.  *Id*.  Surgical scars were noted on the wrists and over the lumbar spine, however, examination of the back revealed no spasm or deformity.  *Id*. at 198.  Dr. Thuss noted that Plaintiff limped, favoring the left leg.  *Id*.  Motor strength, sensation, and reflexes were intact and grip strength was 5/5 with good dexterity and intact manipulation.  *Id*.  Overall, Dr. Thuss found that Plaintiff could lift up to 25 pounds and carry up to 15 pounds.  *Id*. at 202.  Plaintiff could engage in gross handling of objects and limited walking and standing on even surfaces.  *Id*.

It is clear from the record that substantial evidence supports the ALJ's

decision to disregard Dr. Zaremba's November 2005 assessment of Plaintiff's condition as inconsistent with the greater weight of the medical evidence.[1]

_____

[1]Plaintiff also argues that additional medical evidence further demonstrates that he meets the disability requirements.  The Court disagrees.  As discussed briefly below, the additional medical evidence cited by Plaintiff as part of his appeal has no effect on outcome of the Court's ruling.

First, Plaintiff alleges that clinic notes of treating physician, Dr. Slappey, from November 24, 2000, indicate that Plaintiff is "unable to work."  (Doc. 6 at 5.)  This allegation is misleading at best.  Dr. Slappey's treatment notes indicate that he would "keep [Plaintiff] off work *until he sees Dr. Berchuck next week*."  Tr. at 193 (emphasis added).  This one-week work excuse, dated almost three years prior to Plaintiff's alleged onset, can hardly be construed as an opinion of Plaintiff's disability.

Plaintiff also cites a consultative examination report dated June 3, 2002, from Dr. James Matic, which was attached as an exhibit to his brief.  (Doc. 6 at Exhibit 1).  As this exhibit was submitted to the Court and not to the ALJ or Appeals Council, it is irrelevant to the question of whether the ALJ's decision is supported by substantial evidence.  *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1267-69 (11th Cir. 2007).  The Court may consider this evidence for purposes of remand under sentence 6 of 42 U.S.C. 405(g) provided that it is new, material, and good cause exists for the failure to present the evidence earlier.  *See id.* citing *Caulder v. Bowen*, 791 F.2d 872, 875-77 (11th Cir. 1986).  In this case, Plaintiff has not shown any of these circumstances.  The evidence is not new and was in existence and available to Plaintiff and his counsel more than four years prior to the date the ALJ issued his decision on August 8, 2006.  Plaintiff has not submitted any valid reason, much less good cause, for not submitting this evidence earlier.  Furthermore, Dr. Matic's opinion pre-dates Plaintiff's alleged onset by almost a year.

Finally, Plaintiff also submitted to the Appeals Council a physical capacities evaluation and clinical assessment of pain from Dr. Varley, dated November 22, 2002.  Tr. at 11-13.  The evaluation noted that Plaintiff can lift up to 20 pounds occasionally, sit for 4 hours out of an 8-hour workday, and stand and walk for 4 hours out of an 8-hour workday.  *Id*. at 11.  These opinions essentially support the ALJ's RFC finding.  However, on the clinical assessment of pain, Dr. Varley opined that Plaintiff had distracting pain, greatly increased pain with physical activity, and some side-effects due to medication.  *Id*. at 12-13.  In contrast to Dr. Varley's 2002 opinion of pain and side effects, more recent examinations from 2003, 2004, and 2005 indicated only moderate pain at a level of 5-6 out of 10, no medication side-effects, and no symptoms such as numbness, weakness, or tingling.  *Id* at 24, 26, 229, 231, 233, 235, 237, 239, 241, 245, 247, 249, 250, 260, 264.  The Court finds that substantial evidence exists in the record to support the ALJ's decision even when Dr. Varley's November 2002 opinions are considered.

B.     Harrison's Allegations of Pain.

Plaintiff asserts that the ALJ's evaluation of his subjective complaints of pain was improper.  Specifically, Mr. Harrison alleges that "the ALJ's attempts to reconcile Plaintiff's pain levels with an ability to work . . . are questionable."  (Doc. 6 at 10.)

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons

for doing so.  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.").  Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'"  *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562).  "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is "not enough to enable [this Court] to conclude that [the ALJ] considered her medical condition as a whole."  *Id.* (internal quotations omitted).

        In this case, the ALJ considered Plaintiff's subjective complaints and determined that his statements concerning his impairment, pain, and its impact on his ability to work were not entirely credible in light of Dr. Varley's treatment records and opinion and Dr. Thuss' examination findings and opinion.  *Id.* at 25-27.

        In contrast to Plaintiff's allegation of disabling pain and limitation of

function, as discussed in detail above, treatment records showed that Plaintiff's condition was stable with only moderate pain at a level of 5-6 out of 10, no medication side-effects, and no symptoms such as numbness, weakness, or tingling.  *Id.* at 24, 26, 229, 231, 233, 235, 237, 239, 241, 245, 247, 249, 250, 260, 264.  In fact, Dr. Varley observed that Plaintiff was "disability focused" and unmotivated to return to the workforce.  *Id.*  He stated that Plaintiff's impairments did not appear to translate into disability and that Plaintiff should re-enter the workforce.  *Id.*  The ALJ concluded that these treatment records did not corroborate Plaintiff's alleged inability to perform work activities.  *Id.* at 27.

Also discussed above, Dr. C. B. Thuss' evaluation of Plaintiff, on January 7, 2004, demonstrated little evidence of functional limitation.  *Id.* at 27, 195-202.  Dr. Thuss observed that Plaintiff was well-groomed, cooperative, alert, and oriented.  *Id.*  Overall, Dr. Thuss found that Plaintiff could lift up to 25 pounds, carry up to 15 pounds, and could engage in handling of objects and limited walking and standing on even surfaces.  *Id.*

It appears to the Court that the ALJ specifically addressed Plaintiff's allegations of pain in his opinion, and he provided explicit and reasonable

reasons for rejecting Plaintiff's testimony.  The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's condition did not cause disabling limitations and instead shows that he could perform less than the full range of sedentary work.

IV.   Conclusion.

Upon review of the administrative record, and considering all of Mr. Harrison's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 17th day of July 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**